991 F.2d 804
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen R. STREETER, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION; National Transportation
Safety Board, Respondents.
 No. 92-70698.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen R. Streeter petitions pro se for review of the National Transportation Safety Board's (NTSB) order dismissing as untimely his appeal of an NTSB administrative law judge's (ALJ) decision affirming the suspension of his commercial pilot certificate for 60 days for dispensing a toxic insecticide on an R.V. park. We have jurisdiction under 49 U.S.C. § 1486, and we deny Streeter's petition for review.
 
 
 3
 This court upholds decisions of the NTSB unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Winslow v. NTSB, 885 F.2d 615, 617 (9th Cir.1989); 5 U.S.C. § 706(2)(A) (1982).
 
 
 4
 Procedural due process requires that a party have adequate notice and an opportunity to be heard before a license is suspended. See Reid v. Engen, 765 F.2d 1457, 1463 (9th Cir.1985). A party appealing an ALJ's oral initial decision must file the notice of that appeal with the full NTSB within 10 days from the date the ALJ's initial oral decision was rendered. 49 C.F.R. § 821.47. Untimely notices of appeal will only be accepted if good cause is shown. Administrator v. Hooper, NTSB Order No. EA2781 (1988).
 
 
 5
 Here, Streeter contends that the NTSB erred by dismissing his notice of appeal as untimely because he did not receive personal notice of the hearing. He also contends that he was not aware of the necessity to file a notice of appeal until he received a copy of the hearing transcript containing the ALJ's order suspending his commercial pilot certificate which he received well after the 10 day period had expired.
 
 
 6
 On January 17, 1992, the ALJ served Streeter with notice that a hearing on the suspension of his license was scheduled for February 25, 1992. On February 5, 1992, the ALJ served Streeter with notice by certified mail that the hearing was continued and rescheduled for April 7, 1992. The hearing took place on April 7, 1992. Streeter did not appear at the hearing and the ALJ affirmed the administrator's order suspending Streeter's license. Streeter filed his notice of appeal on May 15, 1992, 38 days after the ALJ's decision and well beyond the 10-day deadline to file a notice of appeal under 49 C.F.R. § 821.47. The NTSB determined that Streeter did not show good cause to excuse the filing of his notice of appeal 38 days after the ALJ's decision.
 
 
 7
 The record reveals that the notice of hearing was sent by certified mail to his address of record and signed for by his mother. This was sufficient to give Streeter constructive notice of the April 7, 1993 hearing and the oral decision of the ALJ. Streeter had 10 days from the date of the ALJ's decision to file a notice of appeal with the NTSB. See 49 C.F.R. § 821.47. Because Streeter failed to show good cause why his notice of appeal was not filed within the 10-day period, the NTSB's decision dismissing Streeter's notice of appeal as untimely was not an abuse of discretion. See Administrator v. Hooper, NTSB Order No. EA2781 (1988).
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3